UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JACOB LANGSAM,
       Plaintiff,

vs.

FRANKLIN CREDIT MANAGEMENT, CORP
BRONSON & MIGLIACCIO, LLP
CACH, LLC
BARCLAYS BANK DELAWARE
       f/k/a JUNIPER BANK
DANIELS & NORELLI, P.C.
       Defendants.
------------------------------------x

COMPLAINT FOR VIOLATION
Of The Fair Debt Collection
Practices Act and Fair Credit
Reporting Act

Plaintiff Demands A
Trial by Jury

**ROBINSON**

**07 CIV. 7504**

## INTRODUCTION

1.    This is an action for damages and declaratory relief by an individual consumer for Defendants' joint, several and repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter FDCPA), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter FCRA), New York General Business Law § 349; negligence, infliction of emotional distress and defamation.

## JURISDICTION AND VENUE

2.    Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendants have violated the provisions of the FDCPA and FCRA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Plaintiff resides here, Defendants transact business here and the conduct complained of occurred here.

1

## PARTIES

3. Plaintiff, JACOB LANGSAM, is natural person residing at 66 Horton Drive, Monsey, New York, 10952, and a consumer pursuant to FCRA and FDCPA.

4. Defendant, FRANKLIN CREDIT MANAGEMENT, CORP, is a collections agency doing business at 6 Harrison Street, New York, New York, 10013, and is a debt collector as defined by the FDCPA.

5. Defendant, BRONSON & MIGLIACCIO, LLP, is a collections attorney doing business at 415 Lawrence Bell Drive, Williamsville, New York, 14221, and is a debt collector as defined by the FDCPA.

6. Defendant, CACH, LLC, is a Colorado corporation with its corporate headquarters located at 370 17th St., 50th Fl., Denver, CO 80202-5622, and is a debt collector as defined by the FDCPA.

7. Defendant BARCLAYS BANK DELAWARE, formerly known as JUNIPER BANK is a banking corporation with its corporate headquarters located at 100 S. West St. Wilmington, Delaware, 19801, and is a "Furnisher" as defined by FCRA. (hereinafter JUNIPER BANK).

8. Defendant, DANIELS & NORELLI, P.C. is a collections law firm with its corporate headquarters located at 900 Merchants Concourse, Suite 400, Westbury, New York, 11590.

## FACTUAL ALLEGATIONS

9. Upon information and belief, on April 29, 2004 Juniper Bank sold and assigned a debt of Plaintiff to Defendant, Franklin Credit Management,.

10. On May 5, 2004, Defendant, Franklin Credit Management sent a collection letter to Plaintiff demanding the sum of $6118.00.

11. On May 13, 2004 Plaintiff sent a dispute letter to Defendant, Franklin Credit Management, requesting validation as required by the FDCPA, as well as proof of contractual obligation to pay alleged debt.

12. On June 9, 2004 Defendant, Franklin Credit Management, filed an "Arbitration Claim" in the National Arbitration Forum despite its failure to provide a validation of the alleged debt.

13. On June 24, 2004 Defendant, Franklin Credit Management, sent a second notice of the "Arbitration Claim" to Plaintiff.

14. On July 12, 2004, Plaintiff, Jacob Langsam, responded, objecting to the Arbitration claim. As a defense, Plaintiff stated that he had sent a validation request, which according to the FDCPA required Franklin Credit Management to cease all collection efforts until the debt has been validated.

15. On September 22, 2004, sent another collections letter to Plaintiff.

16. On November 6, 2004, Defendant, Franklin Credit Management, realizing that the arbitrator will probably rule against them since their collection efforts were in violation of the FDCPA, sent another collections letter, this time offering Plaintiff to pay 50% of the $6117.52, in settlement of the account.

17. On November 8, 2004, Victor P. Muskin, Esq., the arbitrator, ORDERED that the case brought by Franklin Credit Management against Jacob Langsam should be <u>DISMISSED WITH PREJUDICE</u>.

18.     Franklin Credit Management subsequently sold the collections account of Plaintiff to CACH, LLC. This was a clear violation of the arbitrator's order, which dismissed the case against Plaintiff *with prejudice.*

19.     On June 28, 2005, Defendant, Bronson & Migliaccio, LLP sent a collections letter to Plaintiff on Behalf on CACH, LLC, naming Juniper Bank as the original creditor, and the total amount claimed due as $6,117.52. This is clearly the same account that was dismissed with prejudice in the arbitration case with Franklin Credit Management.

20.     On July 18, 2005, Plaintiff sent a validation request to Bronson & Migliaccio, LLP, in which he disputed the debt and demanded validation of the alleged debt.

21.     Defendant, Bronson & Migliaccio, LLP ignored Plaintiff's validation request and continued sending collection letters. Defendant, Bronson & Migliaccio, LLP sent a collections letter to Plaintiff on September 14, 2005, they sent another letter dated March 12, 2006, and another letter dated March 28, 2006.

22.     Thereafter, Defendant Daniels & Norelli, P.C. took over the instant collections account from Bronson & Migliaccio, LLP, on behalf of CACH, LLC.

23.     On April 21, 2006 Defendant Daniels & Norelli, P.C. sent a collections letter to Plaintiff, advising Plaintiff that their office has been retained by CACH, LLC to collect the account, original creditor being Juniper Bank, and the amount being $6,117.52.

24.     On May 21, 2006 Plaintiff sent a validation request to Defendant Daniels & Norelli, P.C., stating that he is disputing the debt and that validation of the alleged debt is demanded.

25.     Defendant Daniels & Norelli, P.C. failed to validate the debt. Instead, On May 31, 2006, they answered the validation request stating Juniper Bank as the original creditor,

the amount of the alleged debt, and the loan number. They failed to provide the address of the creditor, verification of the amount of the debt such as transaction dates and amounts, and the contract which created the debt, which were requested by Plaintiff, and are required pursuant to the FDCPA.

26.     On September 18, 2006, Defendant Daniels & Norelli, P.C. filed a lawsuit against Plaintiff in the Supreme Court of Rockland County in an effort to collect the alleged debt.

27.     On October 12, 2006, Defendant Daniels & Norelli, P.C. sent a collection letter/Notice of lawsuit, which informed Plaintiff of the complaint filed against him advises him that in order to avoid further proceedings, he should contact them by October 26, 2006.

28.     From 2004 and presently continuing, Defendant, Barclays Bank Delaware/Juniper Bank is reporting on Plaintiff's credit report the $6,117.00 dollars as bad, charged off debt, purchased by another lender.

## FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

29.     The allegations of paragraphs 1-28 in this pleading are incorporated as if fully rewritten hereind.

Defendant CACH, LLC

30.     Defendant, CACH, LLC violated 15 U.S.C. 1692b(2) by contacting third parties and stating that Plaintiff owes a debt, so that they will collect and sue Plaintiff on their behalf, despite knowledge that they were collaterally estopped from collecting the debt.

31.     Defendant, CACH, LLC violated 15 U.S.C. 1692c(c) by continuing to hire attorney on their behalf to contact Plaintiff, despite knowledge of Plaintiff's written

dispute of the debt, and after being notified by Plaintiff that he wants them to cease all collection efforts.

32.     Defendant, CACH, LLC violated 15 U.S.C 1692e(2) by representing misleading information in connection with the character and legal status of the debt.

33.     Defendant, CACH, LLC violated 15 U.S.C 1692e(6) by misleadingly representing that the transfer of the debt to defendant, Daniels & Norelli, P.C. from defendant Bronson & Migliaccio, LLP, with whom Plaintiff has previously disputed the debt, caused consumer to lose his dispute claim.

34.     Defendant, CACH, LLC violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was disputed, and failing to inform its collections attorneys that the debt is disputed.

35.     Defendant, CACH, LLC violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(10) by falsely representing that this is a valid, collectable debt, failing to state that the debt was disputed, and that they were collaterally estopped from collecting the debt.

36.     Defendant, CACH, LLC violated 15 U.S.C. 1692f(1) by attempting to collect a debt, which they were not authorized by law to collect.

37.     Defendant, CACH, LLC violated 15 U.S.C. 1692g(b) by failing to cease collection efforts until the debt has been validated, after receiving a validation request.

<u>Defendant Daniels & Norelli, P.C.</u>

38.     Defendant, Daniels & Norelli, P.C. violated 15 U.S.C. 1692c(c) by continuing to contact Plaintiff after written dispute of the debt and after being notified by Plaintiff that he wants them to cease all collection efforts.

6

39. Defendant, Daniels & Norelli, P.C. violated 15 U.S.C 1692e(2) by representing misleading information in connection with the existence of a debt; including failing to acknowledge that the debt has been disputed.

40. Defendant, Daniels & Norelli, P.C. violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was disputed.

41. Defendant, Daniels & Norelli, P.C. violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(10) by falsely representing that this is a valid, collectable debt, failing to state that the debt was disputed, and that they were collaterally estopped from collecting the debt.

42. Defendant, Daniels & Norelli, P.C. violated 15 U.S.C. 1692f(1) by attempting to collect a debt, which they were not authorized by law to collect.

43. Defendant, Daniels & Norelli, P.C. violated 15 U.S.C. 1692g(b) by failing to cease collection efforts until the debt has been validated, after receiving a validation request, specifically filing a lawsuit against Plaintiff when they were required to cease collection efforts.

44. As a direct and proximate result of the above violations of the FDCPA by Defendants, which have maliciously been pursuing Plaintiff for 3 years despite having no right to do so, Plaintiff has been injured and may continue to suffer such injury in the future, Plaintiff's credit record has been tarnished, Plaintiff has been defamed and has suffered emotional distress.

45. As a direct and proximate result of the above violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendant's conduct

violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND CLAIM: VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")

46. The allegations of paragraphs 1-45 in this pleading are incorporated as if fully rewritten herein.

47. Defendant, BARCLAYS BANK DELAWARE f/k/a JUNIPER BANK (Juniper Bank) is a "user" of credit information and "furnisher" of credit information as stated in the Fair Credit Reporting Act.

48. Defendants, Daniels & Norelli, P.C., Bronson & Migliaccio, LLP, and CACH, LLC, are "users" of credit information and as stated in the Fair Credit Reporting Act.

49. Since May of 2004 and presently continuing Defendant Juniper Bank is reporting the debt as "Charged Off/Past Due" and as "purchased by another creditor." Defendant, Juniper Bank and it's assigns have been and are continuously violating the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 by furnishing to credit reporting agencies inaccurate information about the debt, failing to state that the debt was disputed numerous times, with several collectors, and ordered dismissed with prejudice by an arbitrator.

50. Defendants Daniels & Norelli, P.C., Bronson & Migliaccio, LLP, Cach, LLC, and Juniper Bank willfully violated the mandates of section 1681s-2[b] by failing to conduct an investigation with respect to the disputed information, failing to report the results of the investigation to the consumer reporting agencies, and failing to modify or delete the disputed item of information. Such violations form the basis of a negligence per se claim and an intentional tort, per se.

51.     Defendant, Juniper Bank and their assigns likewise violated the mandates of section 1681s-2[a] by furnishing inaccurate information relating to Plaintiffs to a consumer reporting agency although Defendant knew that the information has been disputed. Such violations form the basis of a negligence per se claim and an intentional tort, per se.

52.     Defendants knew or should have known or consciously avoided knowing that the information they had repeatedly reported about plaintiff was false and improperly attributed to Plaintiff. Defendants were further notified by Plaintiff of their failure to validate and that debt is disputed, yet Defendants failed to report such information as disputed to the consumer reporting agencies.

53.     Said information was negative and damaging to plaintiff. Plaintiff sustained credit denials repeatedly. The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about plaintiff, when they had no right to continue with any collection efforts.

54.     Defendants recklessly, maliciously and/or intentionally, reported for publishing and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

55.     Defendants' reporting of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

56.     Defendants were notified of their false reporting, however Defendants continued to issue and report(s) to various consumer-reporting agencies, which contained erroneous, inaccurate and false information about the Plaintiff.

57.     Defendants were aware that its reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to his creditors.

58.     The consumer reporting agencies maintain subscriber contracts and relationships with Defendants separately and individually, under which Defendants are allowed to report credit data and have same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

59.     Under the subscriber contracts Defendants owe a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including Plaintiff.

60.     As a direct and proximate result of the violations of the FCRA, Plaintiff has been injured and may continue to suffer such injury in the future.

61.     As a direct and proximate result of the above violations of the FCRA, Defendants are liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FCRA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

<u>THIRD CLAIM: DECEPTIVE TRADE PRACTICES, VIOLATION OF THE NY GBL § 349</u>

62.     The allegations in paragraphs 1-61 in this pleading are incorporated as if fully rewritten herein.

63.     As alleged therein, all Defendants have engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under state laws for those violations.

64. Alternatively, Defendants have, with willful intent to injure or maliciously, engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff under various state laws for those violations.

## FOURTH CLAIM: NEGLIGENT ACTIONS

65. Plaintiff re-alleges and incorporates paragraphs 1 through 64 above as if fully set out herein.

66. Defendant, Franklin Credit Management, Corp, had a duty to the plaintiff to stop collection efforts after they received a validation request. It also had a duty to stop any and all collection activity after the arbitrator has ordered the case dismissed with prejudice, including the duty to take reasonable measures to prevent the debt from being sold and properly inform Defendant Juniper and CACH, LLC that the debt was uncollectable.

67. Defendant, Bronson & Migliaccio, LLP had a duty to inform CACH, LLC and Daniels & Norelli, P.C. that the debt is disputed and uncollectable.

68. Defendant Daniels & Norelli, P.C. had a duty to conduct a proper inquiry into Plaintiffs account, when Plaintiff disputed the debt. Defendant Daniels & Norelli, P.C., continued to send collections letter and filed an action against Plaintiff despite their duty to properly investigate the account.

69. Defendant Juniper Bank had a duty to properly investigate the status of the account and report accurately in its reports to the credit bureaus.

70. Defendants failed in their duties, respectively, by negligently ignoring such validation demands and continuing with their violative actions against Plaintiff with utter disregard to their legal obligations to Plaintiff.

71.     As a direct and proximate result of the negligence of Defendants, Plaintiff has been injured and may continue to suffer such injury in the future and Defendants are liable to Plaintiff for declaratory judgment that Defendant's conduct was negligent, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### FIFTH CLAIM: DEFAMATION

72.     Plaintiff re-alleges and incorporates paragraphs 1 through 71 above as if fully set out herein.

73.     Defendants were notified of dispute and collateral estoppel status of the debt by Plaintiff. However, the Defendants continued to issue and/or publish report(s) to third parties, which contained inaccurate information about plaintiffs.

74.     Defendant's reporting of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiff.

75.     Defendants recklessly, maliciously and/or intentionally, reported and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matters asserted.

76.     As a direct and proximate result of the defamation, Plaintiff has been injured and may continue to suffer such injury in the future and Defendants are liable to Plaintiff for declaratory judgment that Defendant's conduct defamed Plaintiff, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### SIXTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

77.     The Plaintiff re-alleges and incorporates paragraphs 1 through 76 above as if fully set out herein.

78. Defendants recklessly, maliciously and/or intentionally pursued a debt, which they had no right to collect. Each Defendant who sent a collections letter to Plaintiff promptly received a validation request dispute letter from Plaintiff, within the 30-day time period allotted by law.

79. Defendant Franklin Credit Management, Corp not only continued collecting the debt, but they took Plaintiff to Arbitration. The arbitrator ordered that the case against Plaintiff be *dismissed with prejudice.* Notwithstanding the Order, Franklin Credit Management and Juniper Bank sold and/or assigned the debt to CACH, LLC. When they explicitly knew that they were collaterally estopped from doing so.

80. Defendants Bronson & Migliaccio, LLP, and Daniels & Norelli, P.C., each, received a dispute letter/validation request from Plaintiff within 30 days of their first collections letter to Plaintiff. Defendants failed to conduct and inquiry and validate the debt. They continued collecting the debt when they knew or should have known that they had no right to do so, because they have failed to validate the debt. Moreover, Daniels & Norelli, P.C., negligently filed a lawsuit against Plaintiff seeking a judgment against him for the alleged debt.

81. Defendant CACH, LLC sold and/or assigned the debt from Bronson & Migliaccio, LLP, to Daniels & Norelli, P.C., despite knowledge that Plaintiff has disputed the debt and it had no right to continue any collections activity against Plaintiff.

82. Defendants recklessly, maliciously and/or intentionally, reported and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matters asserted.

83. Defendant's reporting of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiffs and caused severe humiliation, emotional distress and mental anguish to Plaintiff.

84. Defendants recklessly, with utter disregard to Plaintiff's validation requests, continued debt collection efforts, sent numerous collections letters and commenced two actions against Plaintiff when they had no right to do so, causing severe emotional distress and anguish to Plaintiff.

85. Defendant Daniels Norelli, P.C. commenced a legal action against Plaintiff when it had no right to do so, despite being informed that it had no right to continue with any collections activity.

86. Defendants actions have severely tarnished Plaintiff's Public Record and Credit, thereby damaging Plaintiff's personal and consumer reputation, causing severe emotional distress and anguish to Plaintiff.

87. Defendants acted with and willful intent and malice to harm Plaintiff.

88. As a direct and proximate result of the negligent infliction of emotional distress, Plaintiff has been injured and may continue to suffer such injury in the future.

89. As a direct and proximate result of Defendants' negligent infliction of emotional distress, Defendants are liable to Plaintiff for declaratory judgment that Defendant's conduct defamed Plaintiff, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues and all claims.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against

Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA, FCRA and declaratory and injunctive relief for Defendants' violations;

B.  Actual damages as proven at trial, on each and every claim;

C.  Statutory damages, where applicable;

D.  Costs and reasonable attorney fees; and

E.  For such other and further relief as may be just and proper.


DATED: August 10, 2007
       Spring Valley, NY

_____/s/_____
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY  10977
(845) 425-2510